C. W. HUNTER, Plaintiff in Error,

v.

Clinton NESMITH, d/b/a Nesmith Implement Company of Mangum, Oklahoma, and R. L. Hunter, Defendants in Error.

No. 38739.

Supreme Court of Oklahoma.

Jan. 10, 1961.

King & Wadlington, by Carloss Wadlington, Ada, for plaintiff in error.

Arnett & McDaniel, by Hollis Arnett, Mangum, for defendant in error Clinton Nesmith.

HALLEY, Justice.

This is an action to set aside a judgment alleged to be void upon the face of the record, and that a judgment and order confirming the sale of real estate under the original judgment be vacated.

A clear understanding of the issues involved requires a review of the various proceedings leading up to the motion of C. W. Hunter, to set aside the judgment he is attacking as void upon the face of the record, and to have vacated proceedings under which execution was issued and levied upon certain real property of C. W. Hunter, which was sold and the sale confirmed.

May 20, 1952, C. W. Hunter, here referred to as defendant, executed a promissory note to Nesmith Implement Company in the sum of $700, due November 1, 1952, for the payment of the purchase price of certain personal property. Hunter on that date also executed a chattel mortgage to secure payment of this note. Clinton Nesmith was doing business as Nesmith Implement Company.

C. W. Hunter defaulted in the payment of the note and refused to turn the chattels covered by the mortgage to Nesmith.

On March 19, 1953, Nesmith filed a petition in replevin in the District Court of Harmon County alleging that on May 20, 1952, C. W. Hunter had executed his note for $700 due November 1, 1952, and chattel mortgage to secure the same; that defendant had defaulted in the payment of the note, and prayed for immediate possession of the personal property covered by the mortgage.

For his second cause of action plaintiff filed an action upon the note, principal, interest and attorney fees, and prayed that execution be stayed until the personal property be sold and the proceeds be credited on the judgment and that execution issue for the balance.

A writ of replevin was properly issued and the property covered by the mortgage was delivered.

March 19, 1953, summons was duly issued and served on defendant, notifying him of the replevin action and of the sum due on the note. He was required to answer by April 18, 1953.

On April 8, 1953, plaintiff sold the chattels covered by the mortgage, after due and legal notice, for the sum of $375, leaving a balance due by defendant to plaintiff in the sum of $462.80, as of April 8, 1953.

September 26, 1953, the District Court entered judgment for plaintiff against the defendant for $483.80, which included interest from April 8, 1952, to date of judgment.

April 18, 1956, execution was issued and returned "no property found," as was a second execution returned on July 5, 1956, and the sheriff then levied upon certain real estate. After appraisement and notice of sale the real property was sold August 11, 1956. The defendant had been in default until July 26, 1956, when a sister of defendant appeared and filed a petition alleging that she had a mortgage on the real property and prayed that the court enjoin the sheriff from proceeding with the sale of the real estate. C. W. Hunter was present in person and by his attorney at a hearing on the petition. The court denied the motion and ordered "that any objection to the validity of the said sale be entered or raised on motion to confirm sale." The land was sold for $1,000 to plaintiff, Nesmith. On motion to confirm sale the court confirmed it August 23, 1956. The proceeds of the sale of the land being $1,000 there was a balance due the defendant of $215.77, which he received and retained.

February 19, 1959, C. W. Hunter filed a motion to vacate the judgment of September 26, 1953, praying that the judgment and order confirming the sale of real estate be vacated on the ground that the judgment was void on the face of the record. Defendant prayed that the court clerk be directed to accept from defendant the sum of $215.77, which he had received from the clerk from the sale of real estate in 1956. Hearing was had upon the motion to vacate the judgment of September 26, 1953. The court entered an order overruling the motion to vacate and

an order confirming sale was made. Defendant has appealed.

■ Under 46 O.S.1951 § 52, Nesmith had three methods by which he could foreclose the mortgagor's right of redemption; (1) by a sale of the property, made in the manner and upon the notice prescribed by the Chapter on pledge; (2) as provided in 46 O.S.1951 §§ 53 and 54; or (3) by proceedings under the Civil Procedure. Nesmith proceeded to foreclose by advertisement under 46 O.S.1951 §§ 53 and 54 and 12 O.S.1951 § 1585, which is as follows:

> "In any action for replevin in any court of this state, it shall be permissible for the plaintiff to join with the cause of action in replevin a cause of action founded on a debt claimed to be owing to the plaintiff if the debt shall be secured by a lien upon the property sought to be recovered in the cause of action in replevin. Upon the rendition of any judgment in replevin in any case wherein there shall be joined a cause of action from debt, judgment for such debt shall be stayed pending the determination of the amount thereof remaining due to plaintiff after any sale of the property pursuant to such liens. Laws 1951, p. 26, § 1."

There was no attempt to foreclose under the third method of proceeding under Civil Procedure.

■ Defendant contends that Section 686, 12 O.S.1951, was not complied with inasmuch as no motion for a deficiency judgment was filed and for that reason the judgment was void. Where the mortgagee was proceeding to foreclose his chattel mortgage under 46 O.S.1951 § 52 et seq. and 12 O.S.1951 § 1585, it was not necessary to move for a deficiency judgment as the judgment was taken for the amount due on the mortgage less the amount received at the sale under the advertisement method. The authorities relied upon by the defendant clearly have no application here.

Judgment is affirmed.