**84**

MEDIATECH, INCORPORATED, an
Oklahoma corporation, Plaintiff,

v.

BANK IV OKLAHOMA, N.A., Defendant/Counterclaimant/Third Party Plaintiff/Appellee,

v.

Ira PHILLIPS, Third Party
Defendant/Appellant,

and

Charlotte Phillips, Susan Beeson, Constance K.G. Williams, and S. Miller
Williams, Third Party Defendants.

No. 89361.

Court of Civil Appeals of Oklahoma,
Division No. 1.

July 15, 1997.

James R. Hicks, Tulsa, for Third Party
Defendant/Appellant.

Wm. Brad Heckenkemper, Tulsa, for Defendant/Counterclaimant/Third Party Plaintiff/Appellee.

### OPINION

HANSEN, Presiding Judge:

¶1  Third Party Defendant/Appellant, Ira Phillips (Co-borrower), seeks review of an order of the trial court granting summary judgment in favor of Defendant/Counterclaimant/Third Party Plaintiff/Appellee, Bank IV Oklahoma, N.A. (Lender).  The trial court certified the cause for certiorari review pursuant to 12 O.S. 1991 § 952(b)(3).  On June 16, 1997, the Oklahoma Supreme Court issued an order redenominating it as an appeal authorized to be brought in advance of final adjudication of multiple claims pursuant to 12 O.S.Supp.1993 § 994 and assigning it for disposition pursuant to Okla.Sup.Ct.R. 1.36.  The appeal is filed without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1.

¶2  Plaintiff, Mediatech, Incorporated (Borrower), purchased the foreclosed assets of another company from Lender, who financed the purchase and took a security interest in Borrower's inventory, accounts, general intangibles, equipment, and other assets.  Co-borrower and others were co-makers or guarantors on the notes.  Borrower sued Lender, alleging Lender breached its fiduciary duty, negligently and tortiously interfered with collections of debts from Borrower's customers, and caused diminution of Borrower's business by improper treatment of receivables and harassment of customers. Lender countersued for default of the notes and joined the co-makers and guarantors.

Borrower filed bankruptcy. Apparently, the bankruptcy trustee abandoned Lender's collateral from the estate. Lender took possession of its collateral and liquidated it. The last date Lender received proceeds from the liquidation was May 15, 1996. On February 13, 1997, Lender filed its motion for summary judgment seeking to recover the balance of the debt from Co-borrower.

¶3 Co-borrower contends 12 O.S.1991 § 686 allows Lender only 90 days to file a motion for a deficiency judgment after sale of the collateral. Section 686 provides,

In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgment or judgments shall be rendered for the amount or amounts due as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, and for sale of the property charged and the application of the proceeds; ... the court shall tax the costs, attorney's fees and expenses which may accrue in the action, ... to be collected on the order of sale or sales issued thereon; when the same mortgage embraces separate tracts of land situated in two or more counties, the sheriff of each county shall make sale of the lands situated in the county of which he is sheriff.... Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought.... Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment....

Co-borrower argues this language applies to the foreclosure of mortgages on both real and personal property, relying on *Reconstruction Finance Corp. v. Breeding (Breeding)*, 211 F.2d 385 (10th Cir.1954). There, the trial court's judgment foreclosed real and chattel mortgages and ordered the mortgaged property sold. No motion for deficiency judgment was filed, and the sale was confirmed. Five years later, the plaintiff's successor-in-interest moved to revive the judgment in order to collect the balance due. The federal district court denied the motion, and the 10th Circuit Court of Appeals affirmed, holding that under § 686, the sale proceeds were deemed to fully satisfy the judgment unless a motion for a deficiency judgment was granted. In applying § 686 to the chattel mortgage foreclosure, the Court recognized that the statute makes numerous references to land, but stated, "it is a sweeping statute" and "the word property includes personalty as well as realty." *Id.* at 389. Co-borrower cites no Oklahoma state court cases applying § 686 to the foreclosure of mortgage liens on personal property.

¶4 Lender argues it had the right to repossess and dispose of the collateral pursuant to its security agreement and the Uniform Commercial Code (UCC), 12A O.S.1991 § 9–504. In *Hunter v. Nesmith*, 358 P.2d 841 (Okla.1961), the Court held § 686 was not applicable to proceedings under 46 O.S.1951 §§ 52, 53, and 54, which were repealed by the UCC and replaced with § 9–501 et seq. The Court implied, however, there might be other proceedings in which § 686 would be applied in the foreclosure of a chattel mortgage.

¶5 Section 686 must be interpreted as a whole. "Words used in a part of a statute must be interpreted in light of their context and understood in a sense which best harmonizes with all other parts of the statute." *Estate of Little Bear, Matter of,* 1995 OK 134, 909 P.2d 42, 50. In the phrase "within 90 days of the date of the sale," the words "the sale" refer back to the court-ordered sheriff's sale described earlier in the statute. Without deciding whether § 686 applies only to foreclosure of mortgages on real property, we hold it does not apply to actions under the UCC, 12A O.S.1991 § 9–501 et seq., where there is no court-ordered sheriff's sale. The order of the trial court is **AFFIRMED.**

JOPLIN and BUETTNER, JJ., concur.